O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 56} R.C. 3501.38(E)(1) requires petition circulators to execute a statement on each part-petition containing “the circulator’s name, the address of the circulator’s permanent residence, and the name and address of the person employing the circulator to circulate the petition, if any.” (Emphasis added.)
{¶ 57} Clearly, Fifi Harper did not do that. The address she provided on the part-petitions she circulated is, in fact, a private mail box at “Pack Ship and Print Center,” a business in a commercial strip mall. It is not a residential address, and Harper never lived there. Rather, at the time she obtained that mail box, she lived at 4802 N. 12th Street, Apt. 2102, Phoenix AZ 85014-4094, the address that is apparently still listed on her Arizona driver’s license. It may be true, as Harper claims, that she no longer lives at that address and that she did not have any permanent residence at the time that she circulated the part-petitions at issue in this case, but that does not permit her to disregard Ohio’s election law by making the untrue representation in her circulator’s statement that a nonresidential address is a residential address. If she truly lacked a permanent residential address, then she should not have provided one, rather than knowingly listing a nonresidential address in violation of R.C. 3501.38(E)(1).
{¶ 58} Thus, in my view, the part-petitions she circulated containing a false residential address are invalid and should be stricken in all respects. R.C. 3519.06(D); see also Kyser v. Cuyahoga Cty. Bd. of Elections, 36 Ohio St.2d 17, 23, 303 N.E.2d 77 (1973) (a post office box is not an elector’s “residence” for purposes of Ohio election law). Without these part-petitions, the committee of Ohioans for Drug Price Relief Act did not obtain the requisite number of valid signatures from 44 of 88 Ohio counties as required by Article II, Section lg of the Ohio Constitution, and the matter should not have been submitted to the General Assembly in the first instance.
*263 {¶ 59} For these reasons, I would declare that the committee must cure the petition deficiency by submitting a sufficient number of valid signatures to the secretary of state within the ten-day period provided by Article II, Section lg of the Ohio Constitution and R.C. 3519.16(F). Only then may the petition be lawfully transmitted to the General Assembly for consideration.
{¶ 60} Accordingly, to that extent, I respectfully dissent.
Kennedy, J., concurs in the foregoing opinion.